UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OWEN HARTY,

                              Plaintiff,

  v.                                                          **MEMORANDUM OPINION**
                                                            **AND ORDER**
CHRISTY KOUTSOURADES and HELEN
KOUTSOURADES,                                               20-CV-2779 (PMH)

                              Defendants.
------------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

      Plaintiff Owen Harty ("Plaintiff") commenced this action on April 3, 2020 and alleges that

Christy Koutsourades and Helen Koutsourades (collectively, "Defendants") own and/or operate

the West Point Motel (the "Motel") in Highland Falls, New York, which is a place of public

accommodation as defined by the Americans With Disabilities Act ("ADA"); he seeks injunctive

relief, monetary damages, as well as attorneys' fees and costs under the ADA and New York State

Human Rights Law ("NYSHRL"). (*See generally* Doc. 1, "Compl.").

      Affidavits of Service of the summons and complaint were filed on July 20, 2020. (Docs.

13, 14). Defendants' time to answer the Complaint expired on August 6, 2020, and on August 28,

2020, Plaintiff sought Certificates of Default from the Clerk of the Court. (Docs. 16, 18). The Clerk

of the Court issued the requested Certificates of Default on August 31, 2020. (Docs. 20, 21).

Thereafter, in compliance with the Court's Individual Practices, Plaintiff filed a Proposed Order

to Show Cause Without Emergency Relief (Doc. 22), an attorney affirmation (Doc. 25), a party

affidavit (Doc. 26, "Pl. Aff."), and a memorandum of law in support thereof (Doc. 27) seeking a

Court order entering default judgment against Defendants pursuant to Federal Rule of Civil

Procedure 55(b)(2). The Court issued an Order to Show Cause on October 16, 2020, which directed

Defendants to show cause why a default judgment should not be entered against them by

November 20, 2020. (Doc. 30). Affidavits of Service were filed on October 26, 2020 indicating that Defendants were served with a copy of the show cause order. (Docs. 31, 32). Defendants did not respond to the show cause order.

For the reasons set forth below, the Court DENIES Plaintiff's request for an entry of default judgment and DISMISSES the action.

## **BACKGROUND**

The facts, as recited below, are taken from Plaintiff's Complaint. Plaintiff is a Florida resident who qualifies as an individual with a disability as defined by the ADA. (Compl. ¶ 1). He is an advocate for the rights of similarly situated disabled people and asserts that he is a "tester" who monitors places of public accommodation and affiliated websites to ensure that they are in compliance with the ADA. (*Id*. ¶ 2). Defendants own and/or operate the Motel, which is a place of public accommodation as defined by the ADA. (*Id*. ¶¶ 3-4).

Plaintiff alleges that online reservation systems ("ORS") that are either operated by Defendants or by third parties are in violation of 28 C.F.R. § 36.302(e), a regulation which enforces the objectives of the ADA and is incorporated into the ADA by reference. (*Id*. ¶¶ 8, 11-12). Section 36.302(e) provides, in relevant part:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> > (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> >
> > (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably

permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e). Prior to commencing this action, Plaintiff alleges that he "visited the ORS for the purpose of reviewing and assessing the accessible features at the [Motel] and [to] ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs." (Compl. ¶ 12). Plaintiff claims that the ORS he visited did not comply with § 36.302(e) and thus he was "deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the [Motel] available to the general public." (*Id.*). Plaintiff identifies nine websites[1] he apparently visited and alleges that each failed to "identify or allow for booking or accessible guest rooms and contains no information pertaining to whether any rooms or features are accessible." (*Id.* ¶¶ 12(a-i)). Plaintiff states that he intends to revisit "Defendants' ORS" in the "near future" to test the websites' compliance with § 36.302(e), and also that he is "continuously

---

[1] The websites listed include: thewestpointmotel.com; priceline.com; expedia.com; hotelplannser.com; hotels.com; booking.com; reservationcounter.com; reservations.com; and orbitz.com. (Compl. ¶¶ 12(a-i)). Plaintiff does not provide any detail regarding the relationship between these websites, the websites' owners and/or operators, and Defendants.

aware that the subject ORS remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless she[2] is willing to suffer additional discrimination." (*Id.* ¶¶ 13, 14). If "immediate relief" is not provided, Plaintiff claims that he will continue to be discriminated against and suffer irreparable injury in the form of "frustration and humiliation" based on Defendants' failure to make modifications to their policies, practices, and procedures. (*Id.* ¶¶ 15, 19-20).

Plaintiff seeks an order from the Court requiring Defendants to alter the subject ORS to make them readily accessible and useable to the Plaintiff and all other persons with disabilities. (*Id.* ¶ 22). Plaintiff seeks also monetary damages pursuant to NYSHRL § 296(2)(a). (*Id.* ¶¶ 23-28).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a plaintiff has obtained a certificate of default from the clerk of court, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A "plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Rather, "[i]n deciding a motion for default judgment, the Court must consider the following three factors: []1) 'whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'" *Indymac Bank,*

---

[2] The Complaint utilizes inconsistent gender pronouns. (*Compare, e.g.*, Compl. ¶ 12, *with, e.g.*, *id.* ¶ 13).

4

*F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)). "The dispositions of motions for entries of . . . default judgments . . . are left to the sound discretion of a district court." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004) ("The determination of whether to grant a motion for default judgment is within the sound discretion of the district court." (citing *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)).

Additionally, "[i]ssues relating to subject matter jurisdiction may be raised at any time . . . even by the court *sua sponte.*" *Mediterranean Shipping Co. (USA) Inc. v. Rose*, No. 08-CV-4304, 2008 WL 4694758, at *2 (S.D.N.Y. Oct. 23, 2008) (quoting *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)). "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Id.* (quoting *Cave*, 514 F. 3d at 240; Fed. R. Civ. P. 12(h)(3)). Thus, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Centra Devs. Ltd. v. Jewish Press Inc.*, No. 16-CV-6737, 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018), *adopted by* 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018) ("Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))).

## ANALYSIS

Plaintiff has satisfied the procedural requirements of Federal Rule of Civil Procedure 55 by first securing Certificates of Default from the Clerk of the Court and subsequently moving for an entry of default judgment from this Court. Nevertheless, the Court denies Plaintiff's motion for default judgment because Plaintiff does not have standing to assert his ADA claims and thus subject matter jurisdiction is lacking.

It bears noting at the outset that this Plaintiff (represented by the same counsel) has filed numerous lawsuits within the Southern District.[3] This Court, as well as other courts within the Southern District, have dismissed Plaintiff's complaints on Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6) grounds because Plaintiff failed to establish standing and/or failed to state a claim for relief. *See Harty v. Rubicon RA Tarrytown*, LLC, No. 19-CV-9468, Doc. 41 (S.D.N.Y. Dec. 17, 2020) (granting motion to dismiss on Rule 12(b)(1) and Rule 12(b)(6) grounds) (*Harty I*); *Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163 (S.D.N.Y. 2020) (granting motion to dismiss on Rule 12(b)(1) grounds) (*Harty II*); *Harty v. Nyack Motor Hotel Inc.*, No. 19-CV-1322, 2020 WL 1140783 (S.D.N.Y. Mar. 9, 2020) (granting motion to dismiss on 12(b)(6) grounds).

---

[3] A review of publicly available filings on ECF reveals that this Plaintiff, represented by the same counsel, has commenced approximately thirty separate actions against other defendants based upon similar allegations as those set forth herein including: *Harty v. 691-697 Broadway, LLC*, No. 17-CV-7782; *Harty v. Newburgh Commercial Dev. Corp.*, 17-CV-7788; *Harty v. JMR Assocs., L.L.C.*, No. 17-CV-7805; *Harty v. Oakwood Mall, Inc.*., 17-CV-7966; *Harty v. New Windsor Grp. LLC*, No. 17-CV-7992; *Harty v. New Windsor Mall, LLC*, No. 17-CV-8015; *Harty v. Lakeside Plaza Assocs. LLC*, No. 17-CV-8261; *Harty v. Angelo Balbo Mgmt.*, LLC, No. 17-CV-8263; *Harty v. CPK Union LLC*, No. 17-CV-8267; *Harty v. Minuteman Mall LLC*, No. 17-CV-8424; *Harty v. W.C. Greens Corp.*, No. 17-CV-8430; *Harty v. 22 N. Middletown Road, LLC*, No. 17-CV-8615; *Harty v. Frankel Family Ltd. P'ship*, No. 17-CV-8625; *Harty v. James C. Desimone & Carolyn Mykytyn Trustees*, No. 17-CV-8628; *Harty v. Hood*, No. 17-CV-8892; *Harty v. JP Bricktowne LLC*, No. 17-CV-8894; *Harty v. Double Wings Realty Corp.*, No. 17-CV-8895; *Harty v. Savone*, No. 17-CV-9387; *Harty v. West Haverstraw Plaza, LLC*, No. 17-CV-9480; *Harty v. Luria Corp.*, No. 17-CV-9481; *Harty v. Pepito Realty LLC*, No. 18-CV-383; *Harty v. 52 Church Street 2002 LLC*, No. 18-CV-1686; *Harty v. Broadway-Middletown Motel Corp.*, No. 18-CV-1694; *Harty v. Nyack Motor Hotel Inc.*, No. 19-CV-1322; *Harty v. EMC Hotels & Resorts LLC*, No. 19-CV-1326; *Harty v. Metropole, LLC*, No. 19-CV-1552; *Harty v. Bhavi Hotel L.L.C.*, No. 19-CV-1838; *Harty v. Wabno Hospitalities, Inc.*, No. 19-CV-8799; *Harty v. W. Point Realty, Inc.*, No. 19-CV-8800.

Additionally, a different plaintiff represented by the same counsel has initiated many nearly identical cases against different defendants in the Northern District of New York. *See Laufer v. Laxmi & Sons, LLC*, No. 19-CV-1501, 2020 WL 6940734, at *1 (N.D.N.Y. Nov. 19, 2020) (noting that "Plaintiff has filed approximately 60 nearly identical cases against different defendants in the Northern District of New York"). Twenty of the Northern District cases were pending before Judge Sannes who dismissed them on Rule 12(b)(1) grounds for lack of standing. *See id*. Because the Court finds that Plaintiff has failed to establish that he suffered an injury in fact, and thus that he has standing to assert an ADA claim, the Court denies Plaintiff's motion for default judgment and dismisses this action.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "A court lacks the judicial power to hear a party's claims when the party does not have standing." *Harty II*, 477 F. Supp. 3d at 166 (citing *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014)). "The irreducible constitutional minimum of standing in federal court requires: (1) injury in fact; (2) that is fairly traceable to a defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision." *Id*. (quoting *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6645, 2017 WL 3278926, at *7 (S.D.N.Y. Aug. 1, 2017) (internal quotation marks omitted)). At the pleadings stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

The injury in fact element requires that the injury be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 1548 (quoting *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). And, for it to be concrete, the injury "must actually exist," meaning that the injury is "real" and not "abstract." *Id.*

"A 'bare' statutory violation is insufficient to confer constitutional standing absent some 'concrete' harm." *Harty II*, 477 F. Supp. 3d at 167 (quoting *Mejia*, 2017 WL 3278926, at *7). Thus, the injury in fact requirement of Article III is not established where plaintiff alleges "a bare procedural violation, divorced from any concrete harm." *Spokeo, Inc.*, 136 S.Ct. at 1549 (citing *Summers v. Earth Is. Inst.*, 555 U.S. 488, 497 (2009)).

Additionally, to establish standing to seek injunctive relief, a plaintiff "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Peck v. Baldwinsville Cent. Sch. Dist.*, 351 F. App'x 477, 479 (2d Cir. 2009) (quoting *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)); *Laufer*, 2020 WL 6940734, at *9 ("To have standing to seek injunctive relief, Plaintiff has the additional burden of establishing that she 'has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct.'" (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)). Therefore, "[c]ourts considering ADA claims have found that disabled plaintiffs who had encountered barriers [to access] prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower*, No. 01-CV-5518, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003). "Whether an ADA plaintiff intends to return to a place of accommodation is a fact-specific inquiry." *Harty II*, 477 F. Supp. 3d at 168 (quoting *Laufer v. Laxmi & Sons, LLC*, No. 19-CV-1501, 2020 WL 2200207, at *2

(N.D.N.Y. May 6, 2020)). Therefore, only when a plaintiff provides "facts giving rise to an inference that he will suffer future discrimination by the defendant" is standing established. *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 675 F. Supp. 2d 376, 382 (S.D.N.Y. 2009) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). The threat of future injury "must be 'real and immediate,' as opposed to 'merely conjectural or hypothetical.'" *Harty II*, 477 F. Supp. 3d at 168 (quoting *Shaywitz*, 675 F. Supp. 2d at 382).

Applying the foregoing principles, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

Here, Plaintiff alleges that he visited "the ORS for the purpose of reviewing and assessing the accessible features at the property to ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs." (Compl. ¶ 12). Plaintiff then lists nine websites he allegedly visited on an unidentified date at an unspecified time and claims that each failed to comply with 28 C.F.R. Section 36.302(e). (*Id.*). As to the threat of future injury, Plaintiff states that "[i]n the near future, [he] intends to revisit Defendants' ORS in order to test it for compliance . . . and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property," (*id.* ¶ 13), and that "Plaintiff is continuously aware that the subject ORS remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless she is willing to suffer

additional discrimination," (*id.* ¶ 14). The Complaint is devoid of any other allegations indicating an intent to return to the allegedly non-ADA compliant websites. While Plaintiff does allege that he is a "tester" who monitors places of public accommodation and their websites to ensure that they are ADA compliant (*id.* ¶ 2), Plaintiff's claimed status as a tester, standing alone, "does not sufficiently establish an adequate basis for Article III standing." *Harty II*, 477 F. Supp. 3d at 170 (citing *Feltzin v. Stone Equities, LLC*, No. 16-CV-6457, 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018)). Thus, the Court finds that the vague and conclusory allegations concerning Plaintiff's future use of or return to the ORS in the Complaint are facially insufficient to plead standing. *See Harty II*, 477 F. Supp. 3d at 168 (finding, in the ADA context, that to establish an entitlement to injunctive relief, "the threat of future injury must be 'real and immediate,' as opposed to 'merely conjectural or hypothetical.'" (quoting *Shaywitz*, 675 F. Supp. 2d at 382)); *see also Harty I*, Doc. 41.

Perhaps, recognizing the shortcomings of his pleading (based upon numerous decisions by district court judges in this Circuit), Plaintiff has attempted to bolster the basis for establishing standing by filing an Affidavit in support of his motion for default judgment, which provides additional factual allegations to support that there is a legitimate threat of future injury (*i.e.*, that he is likely to encounter the non-ADA compliant websites in the future). The Affidavit states, in relevant part,

> For many years, I lived in Nyack, NY. I continue to have family in the area, including the Nyack and Newburgh areas. For many years, I have frequently visited my family in the area and continue to do so. I have visited the Nyack/Newburgh area approximately 50 times from my home in Florida and plan to revisit the area as soon as the Covid crisis allows me to travel. When I visit, I must stay in an area hotel. I book hotels by going on the internet and looking at hotel online reservations systems. When looking at a hotel online reservation system, I need the website to identify and allow for booking of accessible rooms. I also need information so that I can

> ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant with respect to handicap parking spaces, accessible routes, registration counter, any common area facilities such as restrooms, guest room features such as grab bars, roll-in showers, peep holes, maneuvering spaces, commodes, sinks, door ways, etc.. In sum, I require that all the physical features of the hotel be compliant with the applicable requirements set forth in the regulations pertaining to hotel facilities. If a feature is not compliant, I need to know this information from the hotel's website.

(Pl. Aff. ¶ 3). These unpled additional factual allegations are in conflict with the Complaint which states only that Plaintiff is a "tester" who monitors places of accommodation and their websites to test for ADA compliance and includes no indication that Plaintiff actually intends to visit the Motel or has connections to the area surrounding the Motel. However, even if the Court accepted as true and considered the factual allegations in Plaintiff's Affidavit, the Court would nonetheless find that Plaintiff has failed to establish that he has standing to assert his ADA claims. *See Mejia v. Barile*, 485 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) ("When determining whether subject matter jurisdiction exists a court may properly refer to evidence beyond the pleadings to resolve disputed jurisdictional facts." (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

While the Court has already found *supra* that a plaintiff's status as a tester, without more, is insufficient to establish a real threat of future harm (and thus standing), a plaintiff may be able to establish standing where the factual allegations plausibly suggest a "'dual motivation' for [plaintiff's] past and future visits to Defendant's public accommodation, *i.e.*, a desire to both test the property for ADA compliance *and* avail themselves of the goods and services provided." *Laufer*, 2020 WL 6940734, at *12 (collecting cases) (emphasis in original).

Even considering the additional factual allegations in Plaintiff's Affidavit, the Court finds that Plaintiff has failed to demonstrate that he faced a real and immediate threat of future harm sufficient to satisfy the injury in fact requirement. As an initial matter, despite the allegation in the

11

Complaint that he intends to test the ORS for ADA compliance "[i]n the near future," (Compl. ¶ 13), at the time Plaintiff signed his Affidavit he apparently had not checked to see whether the alleged compliance failures on the websites had been addressed. (Pl. Aff. ¶¶ 5, 7 ("Prior to the filing of this lawsuit, I visited the online reservation system for the West Point Motel . . . for the purpose of reviewing and assessing the accessible features at the hotel . . . . I plan to again review the websites in the near future.")). Thus, reading the Complaint and Affidavit together, Plaintiff did not visit the subject websites to test ADA compliance for more than five months after he filed his Complaint, despite the allegation that he would check "[i]n the near future." Plaintiff nowhere alleges that he was unable to access the allegedly offending websites; he alleges only that the websites were non-ADA complaint because the information provided failed to conform to the mandates of 28 C.F.R. § 36.302(e). Thus, at any time in the interim between initiating this action and filing his Affidavit in support of his default judgment motion more than five months later he could have checked to see whether changes were made to the identified websites. The failure to take the simple action of checking whether the websites remained non-ADA compliant prior to filing his Affidavit cuts against a finding that the threat of future harm was real and immediate.

Additionally, while Plaintiff claims that he has visited the Nyack/Newburgh area approximately 50 times and that he plans to revisit the area after the COVID-19 crisis has ended, Plaintiff provides no information regarding the location of the Motel relative to the Nyack/Newburgh area or whether he has ever stayed in a location in Highland Falls, New York in the past when visiting family or traveling to New York. *See Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) ("Harty, a Florida resident, claims that he often visits his family in Nyack, New York, a short distance from Stamford, Connecticut. Despite dozens of trips to Nyack over the last thirty years, however, Harty specifies only a single occasion on which he

stayed overnight in Stamford—namely, the occasion giving rise to his complaint. While he asserts that he frequently visits Connecticut as part of his travels to Nyack, moreover, Harty's complaint does not evidence any concrete plan to stay overnight in Stamford in the future.").

Thus, even considering the unpled additional factual allegations in Plaintiff's Affidavit in addition to the allegations in the Complaint, the Court finds that Plaintiff has failed to establish a real threat of future injury sufficient to establish Article III standing.[4] At bottom, the Complaint alleges only a bare procedural violation and not any concrete harm. Accordingly, Plaintiff's ADA claim is dismissed without prejudice. *Bracken*, 290 F. Supp. 3d at 268 (denying motion for default judgment because subject matter jurisdiction was lacking and dismissing case without prejudice).[5]

---

[4] The Court is mindful that Judge Sannes in the Northern District of New York denied a different plaintiff (represented by the same counsel as the Plaintiff herein) leave to amend and dismissed similar complaints for lack of standing, and thus lack of subject matter jurisdiction, on slightly different grounds. Judge Sannes held that the allegations "do *not* support a reasonable inference that Plaintiff suffered a *past* concrete injury in fact. Plaintiff's only allegations with respect to her intent to visit New York are forward-looking; that is, they assert that Plaintiff presently intends to visit New York *in the future*. But she does not allege that her visits to Defendant's ORS *prior to* filing her Complaint were motivated (in whole or in part) by her intent to travel to New York." *Laufer*, 2020 WL 6940734, at *20 (emphasis in original). Even assuming the Court considered the Complaint as supplemented by Plaintiff's Affidavit, the additional factual allegations in the Affidavit in tandem with the Complaint indicate only a forward-looing intent to visit the Nyack/Newburgh area. Thus, the Court herein finds that Judge Sannes identified an alternate ground for holding that Plaintiff had failed to establish concrete past injury needed for Article III standing; and this Court finds that standing is lacking on this basis as well.

[5] The Court has considered whether, in the interests of justice, the Court should *sua sponte* grant Plaintiff leave to file an amended complaint to attempt to establish that subject matter jurisdiction exists. The Court finds that leave to amend is not warranted under the circumstances. Judge Briccetti, in *Harty II*, dismissed a nearly identical complaint in an action in which Plaintiff was represented by the same counsel for failure to establish the threat of real and immediate future harm and thus the failure to establish Article III standing. There, Plaintiff attempted to supplement his pleading with additional allegations in his opposition to defendant's motion to dismiss; the court declined to consider the additional allegations. *Harty II*, 477 F. Supp. 3d at 168-70. That decision was issued on August 7, 2020. While Plaintiff, armed with that result in his other case, could have sought leave to amend his Complaint to add additional factual allegations regarding the threat of real and immediate future harm prior to moving for default judgment in this action, he did not do so. (*See* Doc. 15 (Plaintiff first sought a Clerk's Certificate of Default on August 26, 2020 approximately three weeks after the motion to dismiss decision in *Harty II* was issued)). Additionally, Plaintiff did not ask to amend his Complaint should the motion for default judgment be denied. (*See generally* Doc. 27).

Because the Court does not have jurisdiction to hear Plaintiff's federal law ADA claim, the Court declines to exercise jurisdiction over Plaintiff's state law NYSHRL claim. *Cave*, 514 F.3d at 250 ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's motion for default judgment is DENIED and the action is DISMISSED without prejudice. The Clerk is directed to terminate the action.

SO ORDERED.

Dated: White Plains, New York
     April 7, 2021

_____
Philip M. Halpern
United States District Judge

14